# REPORTS.

## ROCKINGHAM,

### JUNE TERM, A. D. 1860.

### PRESCOTT v. FELLOWS.

An award of arbitrators is void, when, by the terms of the submission, they were to decide upon equitable as well as upon legal grounds, if the award shows that equitable considerations, which would have led to a different result, were by mistake wholly disregarded.

DEBT, upon an award. The case was submitted upon the following agreed statement of facts. The parties signed the following submission to arbitration:

"Articles of agreement made and concluded this twenty-first day of August, A. D. 1858, between Prescott & Philbrick, of Candia, in the county of Rockingham, and State of New-Hampshire, on the one part, and David A. Fellows, of said Candia, on the other part. Each party doth hereby covenant and agree with the other, to submit the claim said Prescott & Philbrick have against said Fellows, by virtue of the bond from said Fellows to said Prescott & Philbrick, attached to this document, to the following persons, to wit: John S. Folsom, of Manchester, M. B. Smith, of Concord, and Osgood Page, of said Candia, as a board of referees, to decide its legal and moral construc-

tion, and amount of claim and obligation by virtue of said bond. The decision of said board upon said claim shall be binding upon both parties above named."

The material part of the award was:

"We do award to said Prescott & Philbrick the full amount of their claim against said Fellows, the sum of three thousand two hundred dollars and ninety-six cents, in full, to be paid by said Fellows to said Prescott & Philbrick, considering said Fellows legally bound to pay said sum. But we beg leave to recommend to said Prescott & Philbrick to take the moral bearing of this matter into their most favorable consideration, and treat this whole subject according to the dictates of moral and religious principles."

*Hatch* and *Wilcox*, for the plaintiffs.

*Emery, Marston & Collins*, for the defendant.

DOE, J. In an action upon an award, although the submission is not under a rule of court, a court of law may determine such questions touching the validity of the award as we are called upon to consider in this case. *Boston Water Power Co.* v. *Gray*, 6 Met. 162; *Strong* v. *Strong*, 9 Cush. 560; *Barrows* v. *Capen*, 11 Cush. 37; *Shearer* v. *Handy*, 22 Pick. 269; *Mitchell* v. *Stanely*, 16 East 58; *Tudor* v. *Scovell*, 20 N. H. 171; *Chase* v. *Strain*, 15 N. H. 535.

If a submission is general, without restriction as to the principles upon which the referees are to decide, they may decide upon legal or upon equitable grounds; but if they are limited by the submission to legal or to equitable considerations, they must make their award by the rule prescribed. *Johnson* v. *Noble*, 13 N. H. 286.

In *Greenough* v. *Rolfe*, 4 N. H. 357, where the submission required the referees to proceed "upon just and legal

Prescott *v.* Fellows.

grounds," it was held that they were to decide according to law. But we cannot presume that the parties in this case intended to submit their rights to a mere legal decision. They seem to have supposed their controversy susceptible of adjudication on moral grounds, with a result different from that based on purely legal principles, and to have intended to require the referees to consider the law and the equities of the case, and, duly examining the subject in the two different modes, to make an award modified by either or both, as on the whole they should think most reasonable. The submission appears to require the referees to investigate the case in different methods and various lights, rather than finally to decide it according to any particular rule. They might, after determining the mere legal rights, have made such an award as, in equity and good conscience, should have seemed to them right. They evidently made a different award, because they supposed themselves bound to decide according to law. The award shows that they unwillingly held the defendant to his strictly legal obligations, and that there was a "moral bearing of this matter" which would have led them to a different conclusion, had they considered themselves at liberty to regard it. By an erroneous construction of their authority, they were compelled to make a decision which they obviously deemed inequitable. Their action did not conform to the submission, and their award is void. *White Mountains Railroad* v. *Beane*, 39 N. H. 107.

*Judgment for the defendant.*